**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION (TOLEDO)**

| | |
|---|---|
| **DCFS USA LLC**, )<br>     Plaintiff, )<br>) <br>v. )<br>)<br>**JRL LEASING, LLC** )<br>**LEPLEY FARM LINES, INC.** )<br>**JAMES LEPLEY**, )<br>)<br>     Defendants. ) | CIVIL ACTION NO. **3:08-CV-01274** |

**TEMPORARY RESTRAINING ORDER**

     The application of Plaintiff DCFS USA, LLC ("DCTF"), a Michigan limited liability company, for temporary restraining order and preliminary injunction having been considered by this Court, this Court finds:

     Based on allegations made by DCTF in its verified complaint, as well as the additional affidavits, exhibits, testimony and other evidence proffered before and at the hearing on this motion, it appears that Defendants JRL Leasing, LLC, Lepley Farm Lines, Inc. and James Lepley (collectively referred to as "Defendants") are in default of their obligations under the various Loan Documents described in and attached to the DCTF's Verified Complaint as Exhibits A-M, P, R.  DCTF has presented evidence in support of its allegations that, as of this date, Defendants are in the possession, custody, and control of Collateral in which DCTF has an ownership interest and/or properly perfected first-priority security interest.  Defendants have, to date, refused to voluntarily surrender the Collateral to DCTF.  The Collateral is easily movable, readily marketable, and can be easily damaged by misuse or intentional acts.  *This Court finds evidence that absent the requested relief, the Collateral is more likely to be destroyed, taken,*

*misused, sold, transferred, or confiscated, all of which will hinder and delay DCTF's efforts to recover or realize upon same.*

Said Collateral identified in Exhibit N of the Verified Complaint and has a value of not more than $439,235.00. DCTF has a reasonable fear that unless restrained, damaging actions and inactions will occur and/or continue. DCTF appears to have an ownership interest and/or a perfected security interest in the Collateral. Further, DCTF has presented evidence that as of this date, the outstanding balances due DCTF on its loans to JRL and Lepley are in an amount in excess of the value of the Collateral.

Based on the evidence and testimony presented at the hearing, as well as a review of the Loan Documents and other exhibits attached to DCTF's Verified Complaint, this Court finds that DCTF has a substantial likelihood of prevailing on the merits of its claims. As such, this Court finds that DCTF has established a substantial likelihood of establishing its claim to possession of the Collateral described in the Verified Complaint.

This Court further finds that DCTF has no adequate remedy at law because as the Collateral is sold, hidden, destroyed, concealed, disposed of, transferred, and/or abandoned, DCTF loses its security. Thus, there is a high probability that there is an immediate danger that DCTF will be unable to obtain possession over the Collateral or that the value of such property may become substantially impaired, destroying the security bargained for. DCTF has further alleged and presented evidence that on information and belief, Defendants will not have sufficient funds to pay DCTF at the conclusion of this lawsuit the indebtedness owed and admitted and DCTF will lose its security absent immediate relief. This Court therefore finds that DCTF will be severely and irretrievably damaged absent the requested relief. This harm outweighs the harm that such relief will cause JRL, Farm, or Lepley.

- 3 -

In addition, this Court finds that neither a temporary restraining order nor a preliminary injunction will disserve the public interest. To the contrary, the public interest in promoting the enforcement of contracts and encouraging financing will be aided by issuing this injunction. Furthermore, issuance of the requested relief promotes judicial efficiency and minimizes the potential for the improper disposition of the Collateral and the need for exercise of contractual self-help remedies, all of which will benefit the public.

DCTF shall post a bond in the amount of _One Hundred dollars_____ Dollars ($__100.00_____).

**WHEREFORE, IT IS ORDERED** that Defendants and their officers, directors, agents, representatives, and employees, as well as any others acting on their behalf, are restrained from doing the following:

1. Transferring any interest by sale, pledge, or grant of security interest, or otherwise disposing of, transferring, or encumbering the Collateral identified in Exhibit N attached to the Verified Complaint;

2. Concealing, hiding, transporting or otherwise removing the Collateral identified in Exhibit N attached to the Verified Complaint in such manner as to make it less available for seizure;

3. Impairing the value of any of the Collateral identified in Exhibit N attached to the Verified Complaint; and

4. Removing the Collateral from its current location or otherwise outside of the jurisdiction of this Judicial District;

- 4 -

    5.    Disposing of the proceeds from the transfer of any interest of the Collateral identified in Exhibit N to the Verified Complaint that may have occurred prior to issuance of this Order.

**IT IS FURTHER ORDERED** that the Defendants and their officers, directors, agents, representatives, and employees, as well as any others acting on their behalf, are required to do the following:

    1.    Return the Collateral to the principal place of business of Farm located at 3821 Prairie Road, Bellevue, Ohio, 44811 or such other location within the Judicial District agreeable to the parties; and

    2.    Place the proceeds received from any transfer of any interest of the Collateral or identified in Exhibit N to the Verified Complaint that may have occurred prior to issuance of this Order in the Court Registry;

    3.    Turn over the corporate records pertaining to the Collateral to DCTF.

**SO ORDERED THIS** __28__ **DAY OF MAY, 2008.**

                                                s/ James G. Carr
                                           United States District Judge